IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

JASON LEE WALKER,

                Plaintiff,

v.                                                CIVIL ACTION NO. 5:11-cv-00529

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

                Defendant.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed Defendant's Motion for Summary Judgment ("Def.'s Mot.") (Document 42), the Motion to Renew Defendant's Motion for Summary Judgment (Document 50), and Plaintiff's Motion for Summary Judgment ("Pl.'s Mot.") (Document 51). The Court has also reviewed the memoranda relative to the motions. After careful consideration of the parties' written submissions, the Court finds that Defendant's motions should be granted and that Plaintiff's motion should be denied.

*I.*

The subject of the parties' cross motions for summary judgment concerns only a question of law regarding whether a provision of an automobile insurance policy violates West Virginia law and public policy. To that end, the undisputed material facts in this case are as follows: On March 20, 2010, Plaintiff Jason Lee Walker was involved in a head-on collision with a motorcycle

driven by James Ayers while traveling on Route 85 in or around Kopperston, Wyoming County, West Virginia. As a result of the collision, Plaintiff sustained injuries that required medical services totaling $9,441.55. Both of the passengers riding with Plaintiff and Ayers also sustained injuries. At the time, GEICO Indemnity Company insured Ayers for liability insurance coverage. His policy provided for a per person limit of $50,000 and a per occurrence coverage limit of $100,000. At some point, the two injured passengers settled their claims with GEICO. GEICO offered, and Plaintiff accepted, $15,000 as a pro-rata share of the liability insurance which exhausted the policy coverage.[1] Defendant State Farm Mutual Automobile Insurance Company ("State Farm") provided insurance for the automobile driven by Walker which included a $100,000 per person limit for Underinsured Motor Vehicle Coverage ("UIM")[2] and a $25,000 limit for Medical Payment Coverage ("MPC"). Pursuant to its MPC, State Farm paid Plaintiff's medical providers $8,519.70. On May 5, 2011, Plaintiff sent a demand package to State Farm requesting that State Farm make an offer of settlement under the policy's UIM coverage based upon his injuries. On June 3, 2011, State Farm confirmed its offer of $250.00 to settle Plaintiff's UIM claim. State Farm justified the offer by conceding that the total value of Plaintiff's claim was $20,396.49, but explained that Plaintiff had already been made whole through the settlement with GEICO and State Farm's payment under the MPC. State Farm claimed offsets of both

---

1  On May 26, 2011, State Farm waived subrogation on its Underinsured Motor Vehicle Coverage and Medical Payments Coverage and consented to Plaintiff's settlement and the release of Ayers.

2  Pursuant to West Virginia law, the term "Underinsured motor vehicle" is defined as

> a motor vehicle with respect to the ownership, operation or use of which there is liability insurance applicable at the time of the accident, but the limits of that insurance are either: (i) Less than limits the insured carried for underinsured motorists' coverage; or (ii) has been reduced by payments to others injured in the accident to limits less than limits the insured carried for underinsured motorists' coverage.

W. Va. Code § 33-6-31(b).

payments under its policy. Plaintiff disagreed with the reductions.

This civil action followed, with Plaintiff seeking a declaratory judgment that, under West Virginia law and public policy, the State Farm policy relative to its UIM coverage is void and unenforceable. In his second claim, Plaintiff asserts a claim for underinsured motorist coverage by alleging that Ayers, an underinsured motorist, negligently operated his motorcycle, struck his car and caused his injuries.[3] The pending motions only address the declaratory judgment claim asserted in Count I of the Complaint.

*II.*

The well-established standard in consideration of a motion for summary judgment is that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a); *see also Hunt v. Cromartie*, 526 U.S. 541, 549 (1999); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). The moving party bears the burden of showing that there is no genuine issue of material fact, and that it is entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 322-23. However, the non-moving party must offer some "concrete evidence from which a reasonable juror could return a verdict in his favor." *Anderson*, 477 U.S. at 256. In considering a motion for summary judgment, the Court will not

---

3   On October 17, 2011, the Court granted the parties' request to bifurcate Count One and stay the discovery as to Count Two (Scheduling Order (Document 11)). On March 20, 2012, State Farm moved for summary judgment with respect to Count One of the Complaint (Document 42). On March 27, 2012, the Court granted Plaintiff's motion for an extension of the dispositive motions deadline and ordered that dispositive motions be filed by May 21, 2012. (Second Amended Scheduling Order (Document 47)). On April 2, 2012, the Court held Defendant's motion for summary judgment (Document 42) in abeyance pending the submission deadlines of the Second Amended Scheduling Order. (Order (Document 48)). On May 21, 2012, Defendant filed its motion to renew its previous motion for summary judgment and Plaintiff filed his cross-motion for summary judgment seeking a judgment in his favor with respect to Count One. (Documents 50 and 51). On July 16, 2012, the Court granted Defendant's motion to suspend the remaining requirements of the Second Amended Scheduling Order. (Document 59). The dispositive motions have now been fully briefed and all, including Defendant's Motion to Renew [its] Motion for Summary Judgment (Document 50), will be considered herein.

"weigh the evidence and determine the truth of the matter." *Anderson*, 477 U.S. at 249.

*III.*

The Declaratory Judgment Act provides that a district court may "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought[]" in a case where there is an "actual controversy within its jurisdiction[.]" 28 U.S.C. § 2201. The Court of Appeals for the Fourth Circuit has "'long recognized the discretion afforded to district courts in determining whether to render declaratory relief[.]'" *New Wellington Fin. Corp. v. Flagship Resort Development Corp.*, 416 F.3d 290, 296-97 (4th Cir. 2005) (quoting *Aetna Cas. & Sur. Co. v. Ind-Com Elec. Co.*, 139 F.3d 419, 421-22 (4th Cir. 1998)). A district court "should normally entertain a declaratory judgment action within its jurisdiction when it finds that the declaratory relief sought (i) will serve a useful purpose in clarifying and settling the legal relations in issue[] and (ii) will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Nautilus Ins. Co. v. Winchester Homes, Inc.*, 15 F.3d 371, 375 (4th Cir. 1994), *overruled on other grounds by Wilton v. Seven Falls Co.*, 515 U.S. 277, 289-90 (1995) (citations and internal quotations omitted). The Court finds that this case presents such an opportunity.

The Court has reviewed the parties' cross motions for summary judgment and finds that the parties agree that the ultimate question in this case is whether the "non-duplication of benefits" language, contained within the automobile insurance policy issued by State Farm relative to its underinsured motor vehicle coverage, is in direct contravention of West Virginia Code § 33-6-31 and public policy. (*See* Plaintiff's Memorandum of Law in Support of Plaintiff's Motion for Summary Judgment ("Pl.'s Mem.") (Document 52) at 5; Defendant's Response to Plaintiff's

Motion for Summary Judgment ("Def.'s Resp.") (Document 53) at 1 ("The sole legal issue before the court is whether State Farm's non-duplication policy language, which prohibits an insured from recovering twice for the same damages, is valid and enforceable under West Virginia law."))

In his motion, Plaintiff asserts that he is entitled to judgment as a matter of law because "the non-duplication of benefits language" in State Farm's policy allows the insurer "to reduce amounts payable under UIM coverage by amounts paid under other coverages." (Pl.'s Mem. at 6.) Plaintiff takes exception to the following State Farm insurance provision and its application to his claim for UIM Coverage:

> Limits
>
> The Underinsured Motor Vehicle Coverage limits for *bodily injury* are shown on the Declarations Page under 'Underinsured Motor Vehicle Coverage – Bodily Injury Limits – Each Person, Each Accident' –
>
> The most we will pay for all damages resulting from *bodily injury* to any one *insured* injured in any one accident, including all damages sustained by other *insureds* as a result of that *bodily injury* is the lesser of:
>
> 1.    the limit shown under 'Each Person': or
> 2.    the amount of all damages resulting from the *bodily injury*, reduced by:
>
> > a.    the sum of the full policy limits of all applicable liability policies insuring any *persons* or organizations who are or may be held legally liable for that *bodily injury*;
> >
> > ...
> >
> > c.    any damages that have already been paid or that are payable as expenses under Medical Payments Coverage of this policy, the medical payments coverage of any other policy, or other similar vehicle insurance.

(Pl.'s Ex. A., State Farm Insurance Policy No. 50 2224-A03-48A ("UIM Coverage") (Document 51-1) at 24.) Plaintiff asserts that this provision defies W.Va. Code § 33-6-31(b), which states in

relevant part:

> That such policy or contract shall provide an option to the insured with appropriately adjusted premiums to pay the insured all sums which he shall legally be entitled to recover as damages from the owner or operator of an uninsured or underinsured motor vehicle up to an amount not less than limits of bodily injury liability insurance and property damage liability insurance purchased by the insured without setoff against the insured's policy or any other policy. . . . No sums payable as a result of underinsured motorists' coverage shall be reduced by payments made under the insured's policy or any other policy.

W. Va. Code § 33-6-31(b). Plaintiff contends this Section requires State Farm to pay the insured "from the UIM Coverage, all sums that they are legally entitled to recover, without reduction for payments from any other portion of the policy or any other policy" and "to pay all sums 'without setoff against the insured's policy.'" (Pl.'s Mem. at 6-7.) According to Plaintiff, it is the intention of the West Virginia Legislature "to mandate that payments which are due by an insurance carrier pursuant to underinsured motorists coverage cannot be reduced by any other payments made elsewhere under other coverages in the same policy or any other policy." (*Id*. at 7.) Plaintiff argues that "[b]y reducing the amount payable under the UIM Coverage portion of the Policy by the amount paid under the MPC Coverage, State Farm is not paying, from the UIM Coverage, [what is required by law.]" (*Id*. at 6-7.) Plaintiff also asserts that the collateral source rule prohibits State Farm from reducing payments under the UIM in the manner employed in this case. (*See id*. at 9-10.)

In its motion for summary judgment, State Farm argues that its policy language is "plain and unambiguous[,]" in compliance with W. Va. Code § 33-6-31(b) and adheres to the public policy of "prohibit[ing] a double recovery of damages." (Memorandum of Law in Support of Defendant's Motion for Summary Judgment ("Def.'s Mem.") (Document 43) at 2-4.) State Farm

-6-

contends that its policy language permits Plaintiff to recover fully under the limits of the UIM coverage for all damages sustained in the accident, but it properly does not allow the "[P]laintiff [to] recover twice for the same damages under both the Medical Payments Coverage and the Underinsured Motorist Coverage[.]" (*Id*. at 2.) State Farm further contends that the prohibition against double recovery is established in West Virginia law and that under its policy, the amount paid by the liability carrier is deducted from the insured's *damages,* and then the UIM Coverage, up to the coverage limits, is available. (Def.'s Resp. at 4-5.) According to State Farm, there is no reduction in the insured's benefits in that "its policy limits are not diminished nor altered[,]" but that the "complete UIM policy limits are available to Plaintiff" should his damages warrant. (Def.'s Mem. at 7.) Likewise, State Farm argues that the "plain language" of its policy "provides that damages which have been paid under the MPC coverage will not be paid again under the UIM coverage[.]" (Def.'s Mem. at 5.) State Farm contends that its policy "guarantees Plaintiff full recovery for his damages, up to the UIM policy limits[.]" (*Id*.) Finally, State Farm argues that Plaintiff misapprehends the collateral source rule and that that doctrine has no application to the facts of this case where there is only one source of payment, State Farm. (Def.'s Resp. at 9.)

In support of their opposing positions, both parties have drawn the Court's attention to *Schatken v. State Farm Mut. Auto. Ins. Co*., Civil Action No. 10-C-367, Circuit Court of Jefferson County, West Virginia, a case which the parties agree is factually and legally identical to the case at bar. On February 8, 2011, the Jefferson County Circuit Court considered an insurance policy which included non-duplication of benefits language identical to that in dispute here, and a challenge that the language was in violation of W. Va. Code § 33-6-31(b). The court concluded that State Farm's non-duplication provision violated the plain language of Section 33-6-31(b)

because it sought to reduce *available underinsured motorist benefits* by the insured's MPC coverage and, thus, violated the public policy of full compensation concerning underinsured motorist coverage. The court found that the statute could not be more clear in that underinsured motorist coverage may not be reduced by any other insurance, including, but not limited to, an insured's own medical payments coverage. The portion of the policy challenged was deemed void and unenforceable. State Farm appealed the Circuit Court rulings to the Supreme Court of Appeals of West Virginia in August 2011.

On November 16, 2012, the Supreme Court of Appeals, largely agreeing with the positions taken by the Defendant in this case, reversed the Circuit Court rulings. *State Farm Mut. Auto. Ins. Co. v. Schatken*, No.11-1142, 2012 WL 5834569, *8 (W. Va. Nov. 16, 2012). The Supreme Court of Appeals held that "application of the non-duplication provision in State Farm's policy is not an attempt to reduce the 'monetary extent of its coverage . . . but rather prevents double recovery of damages[.]'" (*Schatken*, 2012 WL 5834569 at *6.) The court reaffirmed the import of the distinction between a proper deduction from an insured's *damages* as opposed to the improper reduction of the insured's *coverage*. (*Id*.) The state court asserted that a policy provision runs afoul of W. Va. Code § 33-6-31(b) when the operation of the provision compromises an insured's available coverage from which his damages are to be compensated, thereby resulting in a less than full compensation. The court determined that State Farm's policy provision did not operate in that fashion. The court relied heavily on its prior decision in *State Auto. Mut. Ins. Co. v. Youler*, 396 S.E.2d 737 (1990), in which it "authorized a formula whereby amounts recovered from the tortfeasor may be deducted from the total damages sustained by an insured for purposes of determining the underinsured motorists benefits to which the insured is

entitled in order to prevent double recovery." (*Schatken*, 2012 WL 5834569 at *5.) The court explained that "[i]f . . . the insured's damages are less than [the coverage limits], the reduction is undertaken to ensure that the underinsured motorist coverage is not used to duplicate benefits and [that this] in no way undermines the 'preeminent public policy of this state . . . that the injured person be *fully compensated* for his or her damages.'" (*Schatken*, 2012 WL 5834569 at *7) (quoting *Youler*, 396 S.E.2d at 745.) The court also found that MPC coverage "is not an additional layer of underinsured coverage" and that "[t]he mere fact that an insured has a variety of coverages available to compensate him or her does not increase his or her damages." (*Id*.) The court also concluded that the rationale of its ruling did not run afoul of the collateral source rule. (*Id*. at *11, n.5.) In sum, the State Court held that:

> a 'non-duplication' of benefits provision in an underinsured motorist policy which permits an insurer to reduce an insured's damages by amounts received under medical payments coverage does not violate the 'no sums payable' language of W. Va. Code § 33-6-31(b), insofar as it does not serve to reduce the underinsured motorist coverage available under the insured's policy.

(*Schatken*, 2012 WL 5834569 at *8.)

State Farm has asserted, without objection from Plaintiff, that this ruling is "dispositive of the issues" before this Court in the pending motions.[4] This Court agrees. Inasmuch as the West Virginia Supreme Court of Appeals has considered the very insurance policy language at issue in this case and arguments questioning the validity of State Farm's non-duplication of benefits language, similar to those made here, and concluded that State Farm's non-duplication of benefits language does not contravene West Virginia law and public policy, the Court finds that Plaintiff is not entitled to judgment as a matter of law on his declaratory judgment action. However, such

---

4  On November 26, 2012, State Farm filed a Notice of Supplemental Authority (Document 60), wherein it advised the Court of the Supreme Court of Appeal's November 16, 2012 decision. Plaintiff did not file any opposition or other response to the Notice.

relief is proper in favor of Defendant.

*IV.*

For the reasons stated herein, the Court finds that no genuine dispute of material fact exists and that Defendant is entitled to judgment as a matter of law.  Consequently, the Court does hereby **ORDER** that the Motion to Renew Defendant's Motion for Summary Judgment (Document 50) and the Defendant's Motion for Summary Judgment (Document 42) be **GRANTED.**  The Court further **ORDERS** that Plaintiff's Motion for Summary Judgment (Document 51) be **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: February 11, 2013

_____
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA