**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

JASON LEE WALKER,

        Plaintiff,

v.                             CIVIL ACTION NO.   5:11-cv-00529

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the *Plaintiff's Motion for Leave to Amend Complaint* ("Pl.'s Mot.") (Document 66), wherein Plaintiff seeks leave to amend his Complaint to "further assert counts for statutory violations, breach of contract and statutory duties, breach of covenants of good faith and fair dealing, violations of the West Virginia Unfair Trade Practices Act, common law bad faith, waiver, and declaratory judgment against the Defendant." (*Id*. at 2.)   Plaintiff also seeks "to clarify the remaining issues" in this matter. (*Id*.)   The Court has also reviewed the Defendant's Response thereto (Document 70).   Upon consideration of the motion, the memorandum in support thereof (Document 67), the proposed Amended Complaint (Document 66-3) and Defendant's opposition, the Court finds that Plaintiff's motion should be denied.

*I.*[1]

This civil action involves Plaintiff Jason Walker's challenge of Defendant State Farm Mutual Automobile Insurance Company's denial of his request for underinsured motorist

---

1    The Court's statement of facts herein is just a brief summary of Plaintiff's allegations.  A more detailed discussion of the facts alleged in this case is contained in this Court's February 11, 2013 Memorandum Opinion and Order (Document 61).

coverage benefits resulting from a March 20, 2010 head-on collision.   As a result of the head on

collision with a motorcyclist, Plaintiff sustained injuries that required medical services totaling

$9,441.55.   Plaintiff settled his claim with the motorcyclist's insurance company, GEICO, for

$15,000 as a pro-rata share of the limits of that driver's liability insurance benefits.   At the time of

the accident, State Farm provided Underinsurance Motor Vehicle Coverage ("UIM") with a

$100,000 per person limit and a $25,000 Medical Payment Coverage ("MPC") for the vehicle

driven by Plaintiff.   To date, State Farm has paid Plaintiff $8,519.70 for medical expenses.[2]

However, in response to Plaintiff's request for settlement of the UIM coverage, State Farm offered

Plaintiff $250.00.    State Farm justified the offer by conceding that the total value of Plaintiff's

claim was $20,396.49 and asserting that Plaintiff had already been made whole.   In so doing,

State Farm explained that the total value of Plaintiff's claim would be reduced by the liability

payment received from GEICO and the paid medical expenses.   Plaintiff disagreed with the

reductions and initiated this case in a West Virginia state court to seek the UIM coverage and to

challenge the validity of State Farm's non-duplication policy language.[3]

---

2      In this case, Plaintiff does not seek the balance of the medical expenses or challenge State Farm's denial thereof.

3      Plaintiff takes exception to the following State Farm insurance provision and its application to his claim for UIM
Coverage:

> Limits
> The Underinsured Motor Vehicle Coverage limits for **bodily injury** are shown on
> the Declarations Page under 'Underinsured Motor Vehicle Coverage – Bodily
> Injury Limits – Each Person, Each Accident' –
>
> The most we will pay for all damages resulting from **bodily injury** to any one
> **insured** injured in any one accident, including all damages sustained by other
> **insureds** as a result of that **bodily injury** is the lesser of:
>
> 1.      the limit shown under 'Each Person': or
> 2.      the amount of all damages resulting from the **bodily injury**, reduced by:
>
>       a.      the sum of the full policy limits of all applicable liability
>       policies insuring any **persons** or organizations who are or may be held
>       legally liable for that **bodily injury**;

2

In his Complaint, Plaintiff first sought a declaration that State Farm's policy relative to its UIM coverage is void and unenforceable under West Virginia law[4] and public policy.  Next, Plaintiff asserted a claim for underinsured motorist coverage by alleging that the motorcyclist, an underinsured motorist, negligently operated his motorcycle, struck the car driven by Plaintiff and caused Plaintiff's injuries.  Defendant removed the case, and this Court subsequently denied Plaintiff's motion to remand.  (Memorandum Opinion and Order (Document 45)).  The Court granted the parties' motion to bifurcate, permitted the parties to proceed as to Count One, and stayed litigation on Count Two. (Scheduling Order (Document 11)).

Thereafter, the parties filed cross motions for summary judgment as to Count One, wherein they agreed that the ultimate question in the case was whether the "non-duplication of benefits" language, contained within State Farm's automobile insurance policy relative to its underinsured motor vehicle coverage, directly contravened West Virginia Code § 33-6-31 and public policy. Plaintiff argued that the application of the non-duplication policy provision allowed State Farm to

---

...
c.      any damages that have already been paid or that are payable as expenses under Medical Payments Coverage of this policy, the medical payments coverage of any other policy, or other similar vehicle insurance.

(Plaintiff's Motion for Summary Judgment, Pl.'s Ex. A. State Farm Insurance Policy No. 50 2224-A03-48A (Document 51-1) at 24.)

4      Plaintiff alleges that State Farm's UIM coverage policy language violates W.Va. Code § 33-6-31(b), which states in relevant part:

    That such policy or contract shall provide an option to the insured with appropriately adjusted premiums to pay the insured all sums which he shall legally be entitled to recover as damages from the owner or operator of an uninsured or underinsured motor vehicle up to an amount not less than limits of bodily injury liability insurance and property damage liability insurance purchased by the insured without setoff against the insured's policy or any other policy. . . . No sums payable as a result of underinsured motorists' coverage shall be reduced by payments made under the insured's policy or any other policy.

W. Va. Code § 33-6-31(b).

reduce amounts payable under the UIM coverage by amounts paid under other coverages. According to Plaintiff, the reduction of UIM coverage by amounts paid under the MPC coverage meant that State Farm was not paying from the UIM coverage as required by law and that he was not receiving all sums to which he was legally entitled to recover as damages. Defendant conversely argued that its policy was plain and unambiguous, compliant with West Virginia law and public policy, properly disallowed Plaintiff to recover twice for the same damages under both the MPC and UIM, and guaranteed Plaintiff full recovery for his damages, up to the UIM policy limits.

In their respective arguments, both parties discussed the Jefferson County Circuit Court opinion in *Schatken v. State Farm Mut. Auto Ins. Co*., Civil Action No 10-C-367, a case they contended was factually and legally similar to the instant case, where the Circuit Court deemed the relevant State Farm policy language to be void and unenforceable. The Circuit Court concluded that State Farm's non-duplication provision violated the plain language of W. Va. Code § 33-6-31(b) in that it sought to reduce *available underinsured motorist benefits* by the insured's MPC coverage and violated the public policy of full compensation concerning underinsured motorist coverage. (*See State Auto. Mut. Ins. Co. v. Youler*, 396 S.E.2d 737, 745 (W. Va. 1990) ("[T]he preeminent public policy of this state in . . . underinsured motorist cases is that the injured person be *fully compensated* for his or her *damages* not compensated by a negligent tortfeasor, up to the limits of the . . . underinsured motorist coverage.")[5]   The court also determined that the

---

[5]    In *Youler*, the West Virginia Supreme Court of Appeals answered the question of whether an insurance company may reduce or offset its policy coverage limitations for underinsured motorist coverage by the amount recovered by the insured from a Defendant's liability insurance contract. The Court held that the tortfeasor's liability payment should be offset from the total amount of damages payable pursuant to the underinsured motorist coverage, but that it may not be offset from an insured's underinsured motorist coverage (which reduces the coverage available for payment of damages).  (*See Youler*, 396 S.E.2d at 751.)

4

West Virginia statute clearly provided that underinsured motorist coverage could not be reduced by any other insurance, including, but not limited to, an insured's own medical payments coverage.

State Farm appealed this ruling to the Supreme Court of Appeals of West Virginia contending, among other things, that its non-duplication provision prevented a double recovery by an insured for amounts already received in payment of damages and that the setoff against damages was that which was contemplated by the Court in *Youler*.   On November 16, 2012, that Court reversed the Circuit Court's holding.  *State Farm Mut. Auto. Ins. Co. v. Schatken*, 737 S.E.2d 229 (W. Va. 2012).   In relevant part, the West Virginia Supreme Court of Appeals held that the non-duplication provision did not operate in a manner that compromised an insured's available *coverage* from which damages are to be compensated, thereby resulting in less than full compensation.   Instead, the Court determined that State Farm's policy language itself provided for a reduction for amounts paid under the MPC from the amount of all *damages* resulting from bodily injury, similar to the provision in *Youler* that allowed for the reduction of all damages by a tortfeasor's liability limits.   Relying on the analysis of *Youler*, the Court agreed with State Farm that "application of the non-duplication provision in State Farm's policy is not an attempt to reduce the 'monetary extent of its coverage . . . but rather prevents double recovery of damages.'" (*Schatken*, 737 S.E.2d at 235.)   The Court also found that MPC coverage "is not an additional layer of underinsured coverage" and that "[t]he mere fact that an insured has a variety of coverages available to compensate him or her does not increase his or her damages." (*Id*. at 236)   The *Schatken* ruling reaffirmed the import of the distinction between a proper deduction from an insured's *damages* as opposed to the improper reduction of the insured's *coverage*.

In the briefing of the dispositive motions, State Farm asserted, without objection from Plaintiff, that the decision in *Schatken* would be "dispositive of the issues" before this Court in the parties' motions regarding Count One. This Court agreed and subsequently determined that Plaintiff was not entitled to judgment as a matter of law.  (Memorandum Opinion and Order (Document 61) (granting Defendant's Motion for Summary Judgment as to Count One and denying Plaintiff's cross motion for summary judgment)).

## II.

Plaintiff now moves pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure for permission to amend his complaint to challenge the impact that the application of the non-duplication language will have on him.   Federal Rule of Civil Procedure 15 typically governs amendments to pleadings.   A party, after it has amended its pleading once as a matter of course, "may amend its pleading only with the opposing party's written consent or the court's leave." Fed.R.Civ.P. 15(a)(2).[6]   The Rule further provides that "[t]he court should freely give leave [to amend] when justice so requires."   (*Id.*)   However, this opportunity for amendment is not without its limits.   The Fourth Circuit Court of Appeals has instructed that a motion to amend should be denied only "if one of three facts is present: the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 379 (4th Cir. 2012) (citation and internal quotation marks omitted); *HCMF Corp. v. Allen*, 238 F.3d 273, 276 (4th Cir. 2001).[7]

---

6    Rule 15(a)(1) provides that an amendment of a complaint is "as a matter of course" when it comes within 21 days after service of the pleading, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e) or (f), whichever is earlier."   The time for seeking leave to amend under this subsection has long passed.  (Answer (Document 3)) (filed August 9, 2011).
7    Typically, Rule 16 of the Federal Rules of Civil Procedure will also serve as a limitation on a party's ability to

The Fourth Circuit has offered guidance on these factors. In the first instance, "whether an amendment is prejudicial will often be determined by the nature of the amendment and its timing." *Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006). However, the "delay alone is an insufficient reason to deny a motion to amend." *Matrix Capital Mgmt. Fund, LP v. BearingPoint, Inc.* 576 F.3d 172, 193 (4th Cir. 2009). Further, an amendment is futile if "the proposed amended complaint fails to satisfy the requirements of the federal Rules," for instance, Rule 12(b)(6).

*III.*

In support of his current request to amend his pleading, Plaintiff asserts that the purpose for his amendment is to "clarify" issues remaining in this case and to address "issues raised in Plaintiff's Amended Complaint [which] were not resolved by the *Schatken* decision." (Pl.'s Mem. at 8.) Specifically, Plaintiff asserts that these issues are:

> (1) Whether State Farm can assert both the non-duplication of benefits language and comparative fault, and other liability defenses, in UIM claims where MP Coverage has been paid to or

---

amend its pleading if the amendment is sought after a deadline established in the Court's scheduling order. (*See* Fed.R.Civ.P. 16(b)(4)) (Rule 16(b) governs scheduling orders and provides that "[a] schedule may be modified only for good cause and with the judge's consent."); *Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008) (Fourth Circuit recognizes the "tension" between Rule 15(a) and Rule 16(b) of the Federal Rules of Civil Procedure.) The Fourth Circuit has resolved the "conflict" between the two rules "in a manner like most other circuits by requiring an amendment to meet the more rigorous standard of Rule 16(b)–the good cause standard–once the deadline to amend within the court's scheduling order has passed." *Parvizian*, 535 F.3d at 298 (citing cases from the First, Second, Fifth, Sixth, Eighth and Eleventh Circuits).

However, inexplicably, the governing Scheduling Orders in this matter did not contain this Court's usual deadline for the amendment of pleadings. (*See* Documents 11, 34, 47, 62, 69.) This omission favors Plaintiff Walker, in the first instance, in that he has failed in his motion to assert good cause to amend his pleading; a motion that comes sixteen months after this case was removed to this Court. The Court has considered his proposed claims and finds that they all could have been raised after the initial filing in this matter and, obviously, before the West Virginia Supreme Court of Appeals decision in *Schatken*, inasmuch as that decision did not generate, by its analysis or its holding, these previously unpled claims. If Rule 16 could be described as a hurdle, Walker most certainly could not have cleared it. Instead, his motion is reviewed under the more lenient standard of Rule 15. The Court finds that consideration of the instant motion under Rule 15 rather than Rule 16 will not prejudice State Farm since it fully contemplated its use in its opposition to Plaintiff's motion. Moreover, State Farm did not assert any opposition based upon Rule 16 or the lack of a court-ordered deadline for the amendment of pleadings in the governing scheduling orders.

7

behalf of the insured under the same policy of insurance;

(2) Whether State Farm can assert both the non-duplication of benefits language and defenses regarding causation, reasonableness and/or necessity of medical expenses in UIM claims where those same medical expenses have already been paid under the MP Coverage of the same policy of insurance; and

(3) Whether State Farm is obligated to pay its pro-rata share of attorneys' fees and expenses when applying the non-duplication of benefits language in UIM claims to recover payments it has made to or on behalf of its insured under MP Coverage where the insured creates a common fund through the recovery of liability insurance proceeds and UIM benefits with the assistance of counsel.

(Pl.'s Mot. at 1-2.)   As a result of these legal theories, Plaintiff seeks to assert eight additional claims, which include several statutory and common law claims and several requests for declaratory judgment.   Although Plaintiff cites to Federal Rule of Civil Procedure 15(a)(2) as the basis for his motion, he fails to substantively address any of the factors contemplated by a court in its discretionary decision to permit the amendment.   Nevertheless, the Court has considered his motion on its merits.   Upon consideration of the motion, opposition, lack of a reply supporting the motion and the record in this case, the Court finds that Plaintiff's motion should be denied because (1) the amendment is futile in that the aforementioned legal theories are based on speculation and circumstances that have not occurred in this case, (2) Plaintiff's proposed pleading reveals claims asserted in a dilatory manner, and (3) despite his attempt to characterize his effort as premised on unresolved issues from *Schatken*, the relief Plaintiff ultimately seeks is liberation from the application of an insurance provision that the West Virginia Supreme Court of Appeals has found to be lawful and in accordance with West Virginia's public policy.

First, the Court finds that the grounds upon which Plaintiff relies—the three legal theories identified above—are speculative in nature.   In the first instance, Plaintiff has asserted various

8

claims built around a theory regarding whether State Farm can assert the defense of comparative fault or comparative negligence with its use of the non-duplication of benefits provision. Plaintiff has not asserted any other means, outside of State Farm's Answer, to support his contention that State Farm is employing the affirmative defense of comparative fault or negligence. The Court has reviewed the parties' pleadings and finds that State Farm has failed to plead this affirmative defense. *See* Answer (Document 3)). Instead, State Farm has asserted as an affirmative defense that Plaintiff's injuries, if any, predated the subject accident, were not caused by the accident, or were not caused by the motorcyclist. (*See* Answer at 9-10). State Farm also answered with general defenses that it lacked sufficient information or knowledge to form a belief as to the truth of the allegations asserted in Plaintiff's Complaint relative to whether Plaintiff was free of negligence or that the motorcyclist negligently caused the accident. (*See* Answer ¶¶ 5-7, 32). In view of these limited statements, the Court cannot find, based on the express terms of Defendant's Answer, that State Farm has pled or otherwise contemplated using comparative fault or negligence as a defense. Moreover, Plaintiff has not identified any other method by which he has been placed on notice that State Farm is seeking the benefit of such a defense. Therefore, consideration of any claims relative to what *may* occur if such a defense was asserted and applied with State Farm's non-duplication benefits language would require the Court to engage in a practice of considering a hypothetical issue.

In consideration of Plaintiff's arguments relative to the impact application of the non-duplication of benefits language could have on him if State Farm applied this affirmative defense and other liability defenses, Plaintiff presented the Court with an illustration of a "scenario" by which he asserts he would not receive all of the UIM benefits to which he is entitled.

The Court is not persuaded by this theoretical picture because Plaintiff has presented facts that have not occurred in this case, (for example, a jury determination that he is forty percent at fault, State Farm's insistence that the amount paid in medical expense be reduced in proportion to any jury assigned fault[8] and the jury's award of damages above the tortfeasor's liability coverage). As Defendant astutely pointed out, the assertion Plaintiff makes to support his proposed claims in this scenario has not occurred and would not occur unless there is a jury verdict finding Plaintiff at fault to some partial degree and finding that his damages are in excess of the other driver's liability coverage.   Consideration of this "scenario" underlined the speculative nature of Plaintiff's purported claims.

By the same token, Plaintiff's proposed amendment of claims based on the second new legal theory—whether Defendant should be prohibited from challenging causation, reasonableness and necessity of Plaintiff's medical expenses under the UIM coverage since it has paid those expenses under the MPC provision—requires the Court to dive into a factual and legal circumstance that has not occurred to date in this case.   Specifically, Plaintiff argues that State Farm has already found his medical expenses, in large part, to be necessary, reasonable and caused by the accident when it paid those expenses under the MP coverage, but that it should not be able to challenge those same expenses on those grounds to deny any relief under the UIM Coverage. According to Plaintiff, Defendant's application of the non-duplication of benefits language and its defenses regarding his medical expenses would permit State Farm "to reduce the amount of damages payable under the UIM Coverage by 100 percent of the medical expenses it already determined to be caused by the collision . . . under the MP Coverage." (Pl.'s Mot. to Amend at 14).

---

8    Plaintiff does not convincingly explain the basis for his contention that a no fault insurance coverage (as he alleges is involved in the medical payment coverage provision) would permissively be reduced by a jury's fault based determination.

In this regard, Plaintiff argues that State Farm would be unjustly enriched at the expense of its insured because he would receive only a fraction of his medical expenses under the UIM Coverage.  Largely, for the reasons asserted by Defendant, the Court finds this theory to be speculative because it assumes that Plaintiff will receive a favorable jury verdict and it goes directly to how the jury award will be apportioned.   Since there has been no such jury verdict in this case, the Court declines the opportunity to consider this legal theory built on conjecture.

As to the third legal theory, whether State Farm is required to pay its pro-rata share of attorney fees and expenses, Plaintiff argues that State Farm will be unjustly enriched by "recovering 100 percent of the medical expenses it paid under MP Coverage from the amount of damages payable under UIM Coverage without State Farm contributing its pro-rata share of attorney fees and expenses." (Pl.'s Mot. to Amend at 16.)   In support, Plaintiff argues that State Farm has two mechanisms under its Policy by which to seek recovery of the payments it has made to the insured: subrogation and reimbursement. (*Id*. at 15.)   Notwithstanding his acknowledgment that State Farm waived subrogation and its right to reimbursement, Plaintiff persists in amending his pleading to account for what he believes State Farm will do to recover the amounts paid under the MPC Coverage.   In response, State Farm asserts that its only goal in applying the non-duplication of benefits provision to Plaintiff in this case has been to avoid any double recovery of damages and that the Court in *Schatken* affirmed the validity of its provision and, thus, Plaintiff cannot, again, seek to recover damages he has already been paid under the MPC Coverage. Importantly, State Farm affirms that it is not pursuing subrogation or reimbursement from Plaintiff and admits that it is not "asking [P]laintiff to return any monies to it."   (Def.'s Resp. at 15).   In light of State Farm's admission, which is not further challenged by Plaintiff, the Court finds that

Plaintiff's proposed amendment supporting this legal theory is futile inasmuch as Plaintiff is basing his claims on facts that are not presented in this case.

In the context of a claim for a declaratory judgment, "there must be a dispute which 'calls, not for an advisory opinion upon a hypothetical basis, but for an adjudication of present right upon established facts.'" *Ashcroft v. Mattis*, 431 U.S. 171, 172 (1977) (citing *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 242 (1937)). Moreover, an issue is not fit for review if "it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296, 300 (1998). Such is the case with the legal theories proposed by Plaintiff. The Court is constrained to find that the proposed pleading is comprised of possibilities of future injury based on contingent questions. Although declaratory judgments are frequently sought in advance of the full harm, there must be an actual controversy as opposed to abstract, hypothetical or speculative questions. Therefore, upon consideration of the foregoing, the Court finds that Plaintiff's proposed amendment of the asserted legal theories and supporting claims is futile.[9]

The Court also finds that Plaintiff has asserted claims to support legal theories about the impact of State Farm's application of its non-duplication of benefits language which could have been asserted at the time of the initiation of the original complaint. Plaintiff has not pointed to any factual or legal change in the parties' position since the inception of this case (or State Farm's denial of his UIM claim) to support the assertion of new legal theories and their corresponding claims. The Court has given consideration to the fact that the pending motion comes nearly

---

9    Notwithstanding the foregoing, if any of the circumstances arise as Plaintiff asserts, for example, Defendant asserts a comparative fault or negligence claim or seeks recovery of monies through reimbursement or subrogation, the Court will be in the position to consider Plaintiff's arguments thereto. Therefore, the Court finds that Plaintiff is not prejudiced by this ruling because if these circumstances ever arise, Plaintiff will be poised to assert a specific claim based on actual facts.

twenty months after this case began. Moreover, the Court is not persuaded by Plaintiff's assertion that these three legal theories were somehow birthed, raised or unanswered by the holding in *Schatken*. However, even if the Court were to lend a degree of credence to that assertion, the Court observes that Plaintiff's current motion was not filed until nearly three months after that ruling. On these facts, the Court finds that Plaintiff has been dilatory in asserting his claims based on the impact the provision may have on him. Plaintiff has not persuasively asserted the reason for his proposed amendment(s) which largely constitutes another challenge to the applicability and validity of an insurance clause that has been deemed lawful. All told, it is not lost on this Court that each of the asserted legal theories and corresponding claims could have been brought at the initial stage of this case. However, Plaintiff chose to proceed only upon his one challenge of the validity of the provision.

Finally, the Court has considered the substance of what Plaintiff is seeking by his amendment. In sum, he is seeking to be relieved from the application of the non-duplication of benefits language by attempting to accentuate the impact of the provision to him. While he has attempted to frame each legal theory as an "unanswered" issue from *Schatken*, his motion reveals that what he truly desires is for this Court to find that application of State Farm's non-duplication of benefits language is impermissible based on his assertion that he will not receive the full benefits to which he is entitled. State Farm has asserted that the basis for its denial of the UIM claim is to prevent double recovery of damages paid under the liability and MPC coverages. The West Virginia Supreme Court of Appeals has reviewed the same and found the language to be lawful and not offensive to public policy. Moreover, the Court is not positioned to afford Plaintiff the relief he seeks in his proposed amendment. With respect to each proposed theory, the Plaintiff

13

seeks to avoid the application of a court determined lawful provision based on circumstances not currently present in this case.   Consequently, his motion is futile and should, therefore, be denied.

*IV.*

After careful consideration of the foregoing, the Court does hereby **ORDER** that *Plaintiff's Motion for Leave to Amend Complaint* (Document 66) be **DENIED**.

The Court **DIRECTS** the Clerk to send copies of this Order to all counsel of record and to any unrepresented party.

ENTER:     June 14, 2013

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

14